SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
J. BARRETT MARUM, Cal. Bar No. 228628
GIANNA SEGRETTI, Cal. Bar No. 323645
ANNA S. GOUZOULES, Cal. Bar No. 325870
1540 El Camino Real, Suite 120
Menlo Park, California 94025-4111
Telephone:  650.815.2600
Facsimile:  650.815.2601
Email:    bmarum@sheppardmullin.com
          gsegretti@sheppardmullin.com
          agouzoules@sheppardmullin.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TIMOTHY P. JANOVICH,<br><br>      Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A. and DOES 1 THROUGH 100, INCLUSIVE,<br><br>      Defendants. | Case No. 2:21-cv-00402-DJC-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Hon. Daniel J. Calabretta<br>Courtroom 10, 13th Floor<br>501 I Street<br>Sacramento, CA 95814<br><br>Complaint Filed:  December 16, 2020<br>(Removed from Sacramento Superior Court. Case No. 34-2020-00290820) |

Plaintiff Timothy P. Janovich ("Janovich") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through their respective counsel of record, hereby stipulate and jointly move for entry of the (Proposed) Stipulated Protective Order, attached hereto. Janovich and Wells Fargo shall sometimes collectively be referred to herein as the "Parties."

IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record and pursuant to Fed. R. Civ. P. 26(c)(7) and 29 and Local Rule 141.1, that discovery of confidential information shall be had on the following terms and conditions:

## STIPULATED PROTECTIVE ORDER

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B.   GOOD CAUSE

Pursuant to FED. R. CIV. P. 26(c)(7), good cause exists for entry of this Protective Order because the Parties to this action (1) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or dissemination of

such information could violate their right to financial privacy or cause them business or commercial injury, (3) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (4) have agreed to such means as set forth herein.  Specifically, this action involves a dispute concerning a mortgage loan serviced by Wells Fargo and will likely require the production of personally identifiable information of Janovich; the financial information of Janovich; and confidential, non-public, and/or trade secret information of Wells Fargo.

## C.   ACKNOWLEDGEMENT OF PROCEDURES FOR FILING UNDER SEAL

The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 and the *Standing Order in Civil Cases* for Judge Calabretta set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the

material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

### D.     DEFINITIONS

1.     As used herein, the term "confidential information" means: (a) information subject to federal or state privacy rights including private financial information; (b) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party contends would cause harm to the disclosing party's business operations or interests, which could include, but would not be limited to, contracts, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee personnel information, sales records, inventory sheets, internal policies and procedures, and business strategies; (c) data derived from such confidential information, including

any summaries, compilations, quotes, or paraphrases thereof; and (d) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CALIFORNIA CIVIL CODE § 3426.1(d)) or other confidential research, development, or commercial information and the disclosure of which would result in competitive harm, and for which the designating party has taken reasonable measures to maintain their confidential, non-public status.

2.  As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in FED. R. CIV. P. 34(a) and FED. R. EVID. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

## E.  DESIGNATION OF CONFIDENTIAL INFORMATION

1.  This Protective Order applies to all discovery responses, documents, testimony, and other materials containing confidential information disclosed in this action that are designated by a party or any third party as CONFIDENTIAL, in the manner described below, whether such disclosure is by order of the Court, by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, response to a subpoena, or any other discovery undertaken in this action.

2.  A party that provides information may designate it as confidential only when such party in good faith believes it contains confidential information.  A party designating information as confidential should take reasonable care to designate only that information, documents, items or oral or written communications that the party reasonably believes to qualify for protection.  If it comes to a party's or a non-

party's attention that information or items that it designated for protection do not qualify for protection, that party or non-party should promptly notify all other parties that it is withdrawing the mistaken designation.

Any party may protect information it believes constitutes confidential information by designating such information as CONFIDENTIAL prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation CONFIDENTIAL (or some notation essentially equivalent to the phrase CONFIDENTIAL) on every page of each document or portion thereof so designated. In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

3. Except as set forth in this Protective Order, designated confidential information shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media. Confidential information so designated shall not be disclosed to anyone other than those persons permitted by the Protective Order, except as may be ordered by the Court or agreed to in writing by the producing party. If any information designated by a party as CONFIDENTIAL is thereafter used by a party to which it has been produced or disclosed as part of a paper filed or lodged with the Court in this action or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated confidential information.

4. The Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are (a) not entitled to such designation, or (b) are generally available to the public.

5.  The terms of this Protective Order shall not apply to or restrict the disclosure or use by a producing party or its counsel of the producing party's own confidential information. The voluntary disclosure of confidential information by a producing party, however, may provide grounds for an opposing party to challenge the confidential designation of the same information pursuant to Section H, below.

6.  A party serving a subpoena or demanding discovery from any third party shall serve a copy of this Protective Order on the third party concurrently with the subpoena or discovery demand.

## F.  DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION

1.  The Parties, counsel for the Parties, and all persons to whom confidential information is disclosed under the terms of this Protective Order shall maintain all designated confidential information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

2.  Access to information designated as CONFIDENTIAL shall be limited to the following persons:

    a.  The attorneys for the Parties (including both outside counsel and in-house counsel) and their support personnel (*e.g.*, legal assistants and copy services);

    b.  Current and former employees of the Parties involved in the prosecution or defense of the litigation, and to whom disclosure of the confidential information is reasonably necessary for the purposes of this litigation;

    c.  The Court and court personnel of any court having jurisdiction over any proceedings involved in this litigation;

    d.  Court reporters, videographers, and their staffs to whom disclosure is reasonably necessary for the purposes of this litigation;

   e. Consultants and experts, who execute the Declaration Confirming Compliance With Stipulated Protective Order Re Confidential Information ("Compliance Declaration") attached to this Protective Order;

   f. Any current employee, director, agent or FED. R. CIV. P. 30(b)(6) designee of the producing party;

   g. Any former employee of a producing party, who executes the Compliance Declaration, that the disclosing party reasonably and in good faith believes authored, received, or became familiar with the confidential information in the ordinary course of his or her employment by the designating party;

   h. Any author, original source, or prior recipient of the confidential information;

   i. Deposition witnesses who execute the Compliance Declaration attached to this Protective Order;

   j. Any other person or entity as to whom the Parties agree in writing; and

   k. Any other person as to whom the Court orders should have access to the confidential information.

 3. A copy of any Compliance Declaration executed by any person required under this Protective Order shall be maintained by counsel for the party making the disclosure of another party's designated confidential information.

## G. DEPOSITIONS

 1. With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or video operator shall be informed of this Protective Order by the party seeking to use or disclose the confidential information. The reporter and/or video operator then shall place on the cover of any deposition

transcript or video that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or video designated CONFIDENTIAL from being disclosed to any person, except as provided in this Protective Order.

      2.     All testimony at a deposition shall be presumed to be designated CONFIDENTIAL if this Protective Order is invoked at the deposition for 60 days after the conclusion of the deposition, until the specific pages of the transcript containing designated confidential information are identified and designated CONFIDENTIAL as provided below. For any CONFIDENTIAL designation thereafter, the designating party shall, within sixty (60) days after the completion of the deposition, provide all Parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL. Only pages containing confidential information shall be so designated. Any party can challenge any portion of the deposition designated as CONFIDENTIAL at any time, but must first meet and confer with the designating party as to the basis for the challenge before seeking Court intervention.

      3.     If designated confidential information is to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

## H. CHALLENGING A DESIGNATION

      1.     The Parties agree that they will actively work to avoid the unnecessary CONFIDENTIAL designation of information produced in discovery in this action.

2. In the event that counsel for any party at any time believes that designated confidential information should not be so designated, such counsel shall meet and confer with counsel for the other party in an attempt to resolve the dispute.

3. If counsel for the Parties are still unable to resolve the dispute, the non-designating party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* Unless and until an order of this Court sets aside a designation of information as CONFIDENTIAL, all information so designated shall be treated as CONFIDENTIAL pursuant to the terms of this Protective Order.

4. The designating party bears the burden of establishing that the documents designated are entitled to protection.

5. No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## I. INADVERTENT FAILURE TO DESIGNATE

1. The inadvertent failure to designate confidential information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL after such disclosure.

2. In the event that confidential information is designated as CONFIDENTIAL after disclosure, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL, as appropriate, pursuant to the terms of this Protective Order.

3. Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Protective Order, then the disclosing party shall immediately procure the return of the material, and inform counsel for the designating party whose confidential information has thus been disclosed of all

relevant information concerning the nature and circumstances of such disclosure. The disclosing party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

## J.  CUSTODY AND DISPOSITION OF CONFIDENTIAL INFORMATION

1. Confidential information designated CONFIDENTIAL shall be maintained in the custody of counsel for the Parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) persons to whom the confidential information may be disclosed pursuant to the terms of the Protective Order, including consultants and experts, to the extent necessary for their involvement in the litigation. Except for the Court, a person with custody of information designated CONFIDENTIAL shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

2. Unless agreed otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the Parties, counsel for the Parties, and all persons who executed the Compliance Declaration agree that they will destroy or return to the producing party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth above.

## K.     MISCELLANEOUS PROVISIONS

1. The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations, mediations, and proceedings upon remand, unless the matter proceeds to trial. The Parties will work with the Court to determine whether evidence proffered at trial should continue to be treated as CONFIDENTIAL and, if so, what protection, if any, may be afforded to such information at trial.

2. A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by the Parties. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the producing party stipulates that designated confidential information may be disclosed.

3. By entering into this Protective Order, no party waives any objections it might have to the production of documents covered by this Protective Order.

4. No party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL, or by acquiescing in any other party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, private financial information, proprietary information, a trade secret or other confidential research, development, or commercial information.

5. The Court shall retain jurisdiction for one year after the termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties, and any producing party, reserve all rights to apply to the Court at any time, before or after termination of this action,

for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information.

      6.    The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

Dated: _____   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
J. BARRETT MARUM
GIANNA SEGRETTI
ANNA S. GOUZOULES

Attorneys for Defendant
WELLS FARGO BANK, N.A.

Dated: _____   UNITED LAW CENTER

By _____
JOHN S. SARGETIS
STEPHEN J. FOONDOS

Attorneys for Plaintiff
TIMOTHY P. JANOVICH

**ORDER**

The court has reviewed the parties' stipulated protective order. (See ECF No. 22.) The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The court APPROVES the protective order, subject to the following clarification. Once an action is closed, "the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the

case). Thus, despite the parties' agreement that jurisdiction extend beyond the end of this action, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: October 5, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jano.402

**DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

I, _____, hereby declare:

1. My address is _____. My telephone number is (_____) _____ - _____.

2. I have read, understand and agree to be bound by the terms of the Stipulated Protective Order Re Confidential Information ("Protective Order"), entered in this action, *Timothy P. Janovich v. Wells Fargo Bank, N.A.*. Case No. 2:21-cv-00402-DJC-KJN, in the United States District Court, Eastern District of California.

3. I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL, which is provided to me in the course of my involvement in this litigation, to any person not authorized by this Protective Order to receive such information.

4. I agree that I shall return or destroy all documents containing any information designated as CONFIDENTIAL that have been provided to me, together with any work product including such information designated as CONFIDENTIAL, upon demand by the Court or the counsel or party who furnished such information to me.

5. I consent to the jurisdiction of the United States District Court for the Eastern District of California with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20\_\_ at _____ (city), _____(state).

_____
Signature